|  | Honorable Mary Jo Heston |
|---|---|
|  | Hearing date: November 5, 2020 |
|  | Hearing time: 9:00 a.m. |
|  | Response date: October 29, 2020 |
|  | Chapter 7 |
|  | Location: Telephonic |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re | No. 20-41400 |
|---|---|
| JUSTIN ANDERSON and CHRISTINA BRICKLES, | MOTION TO APPROVE SETTLEMENT |
| Debtors. | |

COMES NOW the Trustee, by and through the undersigned attorney, and moves the Court for an order as follows:

**I. RELIEF REQUESTED**

1.1     For an order approving settlement of the avoidance claims against General Motors Financial Company Inc., dba GM Financial (hereinafter "GM Financial").

**II. FACTS**

The debtors filed this Chapter 7 Petition on May 30, 2020 and Kathryn A. Ellis was appointed the Chapter 7 Bankruptcy Trustee. The debtors purchased a 2020 Chevrolet Spark within 90 days prior to the filing of the Bankruptcy Petition. The debtors were given possession of the vehicle on February 10, 2020 and the lien in favor of GM Financial was not perfected until March 23, 2020, more than thirty days later. Accordingly, the Trustee believed that such lien was avoidable pursuant to 11 U.S.C. § 547. Demand was made upon the creditor on or about July 8, 2020 regarding the avoidability of this transfer. When no response was received, a

**MOTION TO APPROVE SETTLEMENT - 1**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

follow up letter was sent on July 24, 2020.  Prior to the filing of an adversary proceeding, GM Financial, through counsel, offered to compromise the estate's claims, for avoidance of its lien and surrender of the vehicle's Certificate of Title to the Trustee, with GM Financial retaining its right to file an unsecured Proof of Claim pursuant to 11 U.S.C. § 502 (d).  The Trustee has accepted GM Financial's offer, subject to Court approval.

### III.  ISSUES

3.1 **Whether the settlement agreement is fair, reasonable and should be approved, after consideration of the four factors set forth in *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).**

### IV.  DISCUSSION

4.1 **The compromise/settlement is fair, reasonable and should be approved**.

The Court has great latitude in approving compromise agreements and may approve a compromise if it is "fair and equitable."  *In re Woodson*, 839 F.2d 619, 620 (9th Cir.1988).  An order approving a compromise will be upheld absent abuse of discretion.  *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).

To determine whether a compromise is fair and equitable, the Court should consider the probability of success in the litigation, the difficulties to be encountered in collection, the litigation's complexity and its attendant expense, inconvenience and delay, and the paramount interest of the creditors with a proper deference to their reasonable views.  *In re MGS Marketing*, 111 B.R. 264 (9th Cir. BAP 1990); *In re Woodson, supra*; *In re A & C Properties, supra*.

A compromise should be approved if the Trustee establishes to the reasonable satisfaction of the Court that it is prudent to eliminate the risks and delays of litigation to achieve certainty rather than a possible ultimate recovery.  *In re Central Ice Cream Co.*, 59 B.R. 476,

MOTION TO APPROVE SETTLEMENT - 2

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

487-488 (Bankr. N.D. Ill. 1985).  The Court does not have to decide the numerous questions of fact and law raised by objecting parties.  *In re Heissinger Resources Ltd.* 67 B.R. 378, 383 (C.D. Ill, 1986).  The Court's responsibility is to canvass the issues and see whether the settlement "falls below the lowest point in the range of reasonableness".  *Id., citing, In re W.T. Grant Co.*, 699, F.2d 599, 608 (2nd Cir. 1983).

The Trustee believes the settlement proposed is fair, reasonable, and in the best interest of the estate.  In reaching the settlement, the Trustee considered the factors outlined in *In re A & C Properties,* 784 F.2d 1377 (9th Cir. 1986), as set forth below:

    a.    <u>Probability of Success in Litigation</u>.

The Trustee believed she would prevail in avoiding the lien against the debtors' 2020 Chevrolet Spark.

    b.    <u>Collection Difficulties</u>

No collection issues regarding GM Financial were considered as it is a solvent company.

    c.    <u>Complexity and cost of Litigation, inconvenience of delay</u>

The cost of litigation, where GM Financial has now agreed to provide one of the avenues of relief the Trustee could seek (turnover of the title), and the delays that would be occasioned in doing so, were considered a primary reason to settle the avoidance claims.

    d.    <u>Best Interest of Creditors</u>

Costs of administration will be greatly reduced if this settlement agreement is approved.  Enhancing the amount of the distribution by the estate by the reduction of such costs, and avoiding further delay in the distribution is in the best interest of creditors.

**MOTION TO APPROVE SETTLEMENT - 3**

## V. SUMMARY

Given (1) the complexity, expenses and likely duration of litigation; (2) the balance between the likelihood of success compared to the present and future benefits offered by the litigation; (3) the risk of establishing liability and damages; (4) the relative benefits achieved through settlement; (5) the proportion of the Bankruptcy Class that are believed will support the settlement; and (6) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation, the Trustee submits that the settlement should be approved.

DATED this 7th day of October, 2020.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Trustee

C:\Shared\OneDrive - Kathryn A Ellis\Shared\KAE\Dox\TRUSTEE\Anderson-Brickles\settle_mot.wpd

**MOTION TO APPROVE SETTLEMENT - 4**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002